**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| JAMES WHATLEY, | : | Case No. 1:26-cv-179 |
| | : | |
|     Plaintiff, | : | |
| | : | |
| vs. | : | Judge Jeffrey P. Hopkins |
| | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| MS. GLADMAN, *et al.*, | : | |
| | : | |
|     Defendants. | : | |
| | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff James Whatley, a state prisoner at the Southern Ohio Correctional Facility ("SOCF"), has filed a pro se civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. (Amended Complaint, Doc. 8). By separate Order, Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 7).

This matter is first before the Court for a sua sponte review of Plaintiff's Amended Complaint to determine whether the Amended Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

This matter is also before the Court on Plaintiff's request for counsel. (Doc. 1-2, PageID 15).

As explained below, Plaintiff **MAY PROCEED** to further develop his Eighth Amendment claims against Defendants Gladman and Joseph, except for any official capacity

claims for monetary relief that should be **DISMISSED**.  Further, Plaintiff's request for counsel is **DENIED without prejudice**, subject to renewal or reconsideration.

## I. SCREENING PLAINTIFF'S AMENDED COMPLAINT

### A. Legal Standard

Because Plaintiff is a prisoner who is seeking "redress from a governmental entity or officer or employee of a governmental entity," the Court is required to screen the Amended Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b) and 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are "delusional" or "rise to the level of the irrational or wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (citations omitted); *Lawler*, 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 327-28).

Congress also has authorized the sua sponte dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976)). But the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). See also Hill, 630 F.3d at 470-71 (finding that the "dismissal standard articulated in Iqbal and Twombly governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Allegations in the Complaint

Plaintiff alleges that in September 2024, he attempted suicide because of a lack of mental health resources and programming at SOCF that Defendants Gladman and Joseph, and their staff, failed to provide him. (Amended Complaint, Doc. 8, PageID 59). Plaintiff alleges that he had requested mental health programming through the SOCF Mental Health Department several

3

times.  (*Id.*).  "Being in the cell without treatment led" Plaintiff to attempt suicide, he alleges. (*Id.*).  Plaintiff also alleges that he has "kited multiple times to be placed in Mental Health programs and nothing has occurred."  (*Id.*).  He further alleges that he engaged in self-harm multiple times at the end of 2024 and was told he would be placed in a group to help with those urges but alleges that the promise never happened.  (*Id.*).  Plaintiff names Defendant Gladman in her role as Mental Health Administrator at SOCF for failing to ensure her staff provided Plaintiff with proper mental health care and failing to enforce prison mental health policies, despite his numerous requests for help.  (*Id.*).  Plaintiff also names Defendant Joseph, Deputy Warden at SOCF, in her role over Gladman for failing to correct the issue and failing to ensure the Mental Health Department provided Plaintiff with proper mental health services, even after he requested her help.  (*Id.*).  Plaintiff seeks monetary and injunctive relief.  (*Id.* at PageID 60).

### C.  Discussion

Based on the above allegations, the Undersigned understands Plaintiff to be raising Eighth Amendment cruel and unusual punishment claims against Defendants Gladman and Joseph for their alleged deliberate indifference to his serious medical needs.  (*See* Doc. 8, PageID 59-60).

At this stage in the proceedings without the benefit of further briefing, and in an abundance of caution, the Undersigned concludes that Plaintiff **MAY PROCEED** to further develop his Eighth Amendment deliberate indifference claims against Defendants Gladman and Joseph at this juncture.  The Court **ADVISES** Plaintiff that this is only a preliminary determination.  The Court has not made a determination as to the merits of the claims being allowed to proceed at this juncture, nor has the Court considered any potential defenses. Defendants are not precluded from filing a motion to dismiss, a motion for a more definite

statement, or other appropriate motions under the Federal Rules of Civil Procedure.  *See, e.g.*, *Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

Any official capacity claims for monetary damages, however, should be **DISMISSED** as barred by the Eleventh Amendment of the United States Constitution.  *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018).  Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment.  *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993) (citations omitted).  The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts.  *See Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citations omitted); *Johns v. Sup. Ct. of Ohio*, 753 F.2d 524, 526-27 (6th Cir. 1985).

The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for recovery of money from the state.  *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945)).  And a suit against defendants in their official capacities would be a way of pleading the action against the entity of which defendants are agents.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent." (internal quotation marks omitted)).  Thus, actions against state officials in their official capacities are included in this bar. *Maben*, 887 F.3d at 270; *Smith*, 476 F. Supp. 3d at 650-52; *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (quoting *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n

official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.").

Plaintiff does not appear to indicate whether he is suing Defendants Gladman and Joseph in their individual or official capacities, but Plaintiff does seek monetary and injunctive relief. (*See generally* Amended Complaint, Doc. 8; Civil Cover Sheet, Doc. 1-3). To the extent that Plaintiff seeks monetary relief against Gladman and Joseph in their official capacities, such requests are considered claims against the State of Ohio and should be **DISMISSED**. *Smith*, 476 F. Supp. 3d at 650-51; *Colvin*, 605 F.3d at 289; *Maben*, 887 F.3d at 270.

## II. MOTION TO APPOINT COUNSEL

This matter is next before the Court on Plaintiff's Motion to Appoint Counsel. (Doc. 1-2). Plaintiff seeks legal representation because he has "no understanding of the law" and states that he needed help from other inmates to fill out the complaint packet. (*Id.* at PageID 15). It is well settled that indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995) (citations omitted); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (citing *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)). But the Court may appoint counsel in its own discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lanier*, 332 F.3d at 1006 (citing *Lavado*, 992 F.2d at 604-06). The appointment of counsel, however, is a privilege that is justified only in exceptional circumstances. *Lanier*, 332 F.3d at 1006 (citing *Lavado*, 992 F.2d at 605-06). In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the case without the help of counsel. *See id.* (citations omitted); *Lavado*, 992 F.2d at 606. And as other courts in this District have noted, "there are not enough lawyers who can absorb the costs of representing

6

persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf." *E.g.*, *Straughter v. Eddy*, No. 2:23-cv-1268, 2023 WL 3900673, at *5 (S.D. Ohio June 8, 2023); *Hillman v. Phipps*, No. 2:25-cv-579, 2025 WL 3525302, at *1 (S.D. Ohio Dec. 9, 2025).

Because Plaintiff's case is still in the early stages of litigation, the Court declines to exercise discretion to appoint counsel at this juncture.  Plaintiff's motion to appoint counsel is **DENIED without prejudice**, subject to renewal or reconsideration should Plaintiff's claims survive the preliminary stages of these proceedings.

## III. SERVICE DOCUMENTS AND CONCLUSION

The Undersigned determines that Plaintiff, in an abundance of caution, **MAY PROCEED** on his Eighth Amendment deliberate indifference claims against Defendants Gladman and Joseph, except for any official capacity claims for monetary damages, which should be **DISMISSED**.  But Plaintiff has not properly completed the required summons and USM-285 service forms for the United States Marshal to effectuate service.  Plaintiff provided two copies of each form, listed his address on the summons forms, and signed the service forms as required.  (*See* Doc. 3).  That said, he did not list each Defendant on their own individual forms.  If Plaintiff wishes to proceed with this action, he must submit a completed service form and summons form for *each* Defendant that complies with this Order **within THIRTY (30) DAYS**.

**IT IS THEREFORE ORDERED THAT:**

1. To proceed, Plaintiff must submit a summons form and a USM-285 service form for each Defendant, naming only one Defendant per form, **within 30 days** of the date of this Order with a motion to issue service.  The Clerk of Court is **DIRECTED** to send

two blank summons forms and two blank USM-285 service forms to Plaintiff for him to complete and refile.  Should Plaintiff need additional time to comply with this Order, he must file a motion for extension of time.

2.  Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, or which fails to include a certificate of service, will be disregarded by the Court.

3.  Plaintiff must also keep this Court informed of his current address and promptly file a Notice of New Address should his address change.

4.  Plaintiff's request for counsel (Doc. 1-2, PageID 15) is **DENIED without prejudice**. The Clerk of Courts is **DIRECTED** to send Plaintiff a copy of the Pro Se Handbook for his use during these proceedings.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Any official capacity claims for monetary damages be **DISMISSED with prejudice**. 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2).

### **PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED AND RECOMMENDED.**

**May 14, 2026**                                                          *s/Stephanie K. Bowman*
                                                                                    **Stephanie K. Bowman**
                                                                                    **United States Chief Magistrate Judge**

9